IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-01658-AP

GASCO ENERGY, INC.,

    Plaintiff,

v.

ENVIRONMENTAL PROTECTION AGENCY,

    Defendant.

-----------------------------------------------------------------

UNITED STATES OF AMERICA,

    Counterclaim-Plaintiff,

v.

GASCO ENERGY, INC.

    Counterclaim-Defendant.

_____

**JOINT CASE MANAGEMENT PLAN
FOR PETITION FOR REVIEW OF AGENCY ACTION**
_____

    Plaintiff and Counterclaim-Defendant Gasco Energy, Inc. ("Gasco"), Defendant United States Environmental Protection Agency ("EPA"), and Counterclaim-Plaintiff United States of America submit respectfully this Joint Case Management Plan for Gasco's Complaint pursuant to the Minute Order the Court issued on September 7, 2012. *See* Minute Order, filed Sept. 7, 2012 (ECF No. 8). Consistent with the Court's local rules and this Court's procedures, the parties submit the following:

1.   **APPEARANCES OF COUNSEL.**

<u>For Plaintiff Gasco Energy, Inc.:</u>

L. Poe Leggette
Fulbright & Jaworski L.L.P.
One Tabor Center
1200 17th Street, Suite 1000
Denver, Colorado 80202-5835
Telephone: 303.801.2700
Facsimile: 303.801.2777
pleggette@fulbright.com

<u>For Defendant and Counterclaim-Plaintiff.:</u>

Alan D. Greenberg
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
999 18th Street, Suite 370
Denver, Colorado 80202
Telephone: 303.844.1366
Facsimile: 303.844.1350
alan.greenberg@usdoj.gov

2.   **STATEMENT OF LEGAL BASIS FOR SUBJECT MATTER JURISDICTION.**

The Court has jurisdiction over Gasco's petition for review of agency action under 28 U.S.C. § 1331. The United States has waived its sovereign immunity under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702.

The Court has jurisdiction over the United States' counterclaim under Section 309(b) of the Clean Water Act, 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1331, 1345, and 1355.

The parties do not anticipate the advancement of any jurisdictional defenses at this time.

3.   **DATES OF FILING OF RELEVANT PLEADINGS.**

   A.   **Date Petition for Review Was Filed**: June 25, 2012.

  B. **Date Petition for Review Was Served on U.S. Attorney's Office**:  June 29, 2012.

  C. **Date Answer and Counterclaims Were Filed**:  September 5, 2012.

  D. **Date Answer to Counterclaims Was Filed**:  September 26, 2012.

**4.** **STATEMENT REGARDING WHETHER THIS CASE RAISES UNUSUAL CLAIMS OR DEFENSES.**

Gasco alleges that the EPA's failure to disclose the full bases for the agency action challenged in this petition resulted in a due process violation.  Some of the documentary material the United States Corps of Engineers produced in response to a Freedom of Information Act request is redacted.  Gasco believes additional evidence in support of its due process claim may be identified when the EPA produces the complete administrative record in this case.

EPA believes that Gasco's due process claim is without merit because EPA had no requirement to disclose the bases for the issuance of its administrative order prior to Gasco's filing its APA claim.  In any event, EPA believes that its production of the administrative record will obviate any due process claim.

**5.** **OTHER MATTERS.**

The United States has asserted enforcement claims under the Clean Water Act as counterclaims to Gasco's complaint seeking review under the Administrative Procedure Act.  On September 26, 2012, Gasco filed its answer to the counterclaims.  The parties intend to propose additional case management provisions to govern litigation of the counterclaims in this case, consistent with the Federal Rules of Civil Procedure, the Court's local rules, and the Court's published procedures for civil proceedings.

6. **BRIEFING SCHEDULE**

Gasco proposes the following briefing schedule:

A. **Deadline for Filing Administrative Record**: Friday, October 26, 2012.

B. **Deadline for Parties to Confer on Record Disputes**: Wednesday, November 28, 2012.

C. **Deadline for Filing Motions to Complete and/or Supplement the Administrative Record**: Friday, January 4, 2013.

D. **Petitioner's Opening Brief Due**: Friday, February 1, 2013.

E. **Respondent's Response Brief Due**: Monday, March 4, 2013.

F. **Petitioner's Reply Brief Due**: Tuesday, March 19, 2013.

EPA agrees with the deadlines set forth above in Paragraphs A, B and C.  EPA is not able to agree on briefing deadlines for Gasco's APA claim at this time.  EPA has asserted enforcement counterclaims in this case.  Accordingly, the parties will be filing a proposed case management plan with respect to the counterclaims.  EPA believes that it is premature to establish briefing deadlines until that case management plan is submitted and the parties agree upon or, if no agreement, the Court determines whether Gasco's claims or EPA's claims should be litigated first, or whether they should be litigated concurrently.

7. **STATEMENTS REGARDING ORAL ARGUMENT.**

The EPA requests oral argument because the EPA believes that oral argument may be helpful for the Court to understand the technical issues associated with regulatory jurisdiction under the Clean Water Act raised in this case.

Gasco does not oppose the EPA's request. Because review of Gasco's APA claim is likely to involve consideration of complex scientific and technical material, Gasco agrees that oral argument may be helpful to the Court.

**8. CONSENT TO EXERCISE OF JURISDICTION BY MAGISTRATE JUDGE**

   A.   ( )   **All parties have consented to the exercise of jurisdiction of a United States Magistrate Judge.**

   B.   ( X )   **All parties have not consented to the exercise of jurisdiction of a United States Magistrate Judge**.

**9. OTHER MATTERS.**

Parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 5.1(G) by submitting proof that a copy of the motion has been served upon all attorneys of record and all pro se parties. Parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(E) by serving such motion on the Moving Attorney's Client.

**10. AMENDMENTS TO JOINT CASE MANAGEMENT PLAN.**

The parties agree that the Joint Case Management Plan may be altered or amended only upon a showing of good cause.

Dated: October 2, 2012

                              BY THE COURT:

                              *S/John L. Kane*
                              UNITED STATES DISTRICT COURT JUDGE

- 6 -

| | |
|---|---|
| FULBRIGHT & JAWORSKI L.L.P. | IGNACIA S. MORENO<br>Assistant Attorney General<br>Environment & Natural Resources Division |
| ____*s/ L. Poe Leggette*_____<br>L. POE LEGGETTE<br>Fulbright & Jaworski L.L.P.<br>One Tabor Center<br>1200 17th Street, Suite 1000<br>Denver, Colorado 80202-5835<br>Telephone: 303.801.2700<br>Facsimile: 303.801.2777<br>pleggette@fulbright.com<br><br>*Attorneys for Plaintiff Gasco Energy, Inc*. | ____*s/ Alan D. Greenberg*_____<br>ALAN D. GREENBERG<br>United States Department of Justice<br>Environment & Natural Resources Division<br>Environmental Defense Section<br>999 18th Street, Suite 370<br>Denver, Colorado 80202<br>Telephone: 303.844.1366<br>Facsimile: 303.844.1350<br>alan.greenberg@usdoj.gov<br><br>*Attorneys for the United States* |