**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
Judge John L. Kane

Civil Action No. **12-cv-1658-AP**

**GASCO ENERGY, INC.**,

    Plaintiff,
    v.

**ENVIRONMENTAL PROTECTION AGENCY,**

    Defendant.
-----------------------------------------------------
**UNITED STATES OF AMERICA,**

    Counterclaim Plaintiff,

v.

**GASCO ENERGY, INC.**

    Counterclaim Defendant.

**ORDER TERMINATING AP DOCKET DESIGNATION AND FOR EARLY
ASSIGNMENT TO MERITS JUDGE UNDER D.C.COLO.LCIV.R 40.1B**

Kane, J.

    This case is not conducive to the purposes of the Appellate (AP) docket of this court. While the initial claims are appropriate for processing on the AP docket, counterclaims constituting a related enforcement action against Plaintiff Gasco are not. In colloquial terms this is a "mixed" or "hybrid" case and in such cases, it is for the AP judge to decide how best to achieve the efficiencies dictated by Rule 1 of the Federal Rules of Civil Procedure and the purpose and intent of the court's AP docket and LAP Rules. Here, the appeal is not obviously severable from the enforcement action, and it

appears both should be decided at the same time and by the same judge.  Accordingly,

This case is terminated from the AP docket and REMANDED to the Clerk of the Court for REASSIGNMENT to a merits judge under D.C.COLO.LCiv.R 40.1B.  Counsel should note that under the Local Rules of this Court, Section III (the LAP Rules) on appellate procedure will continue to govern Gasco's appeal of the EPA's Final Order.  The Civil Rules will undoubtedly govern the enforcement action.  Of course, if the district judge to whom this case is assigned bifurcates the claims and counterclaims or sees some other benefit in reassigning the appeal to the AP docket, he or she may take any appropriate action to effect that view.

Dated:  December 6, 2012

                                              **s/John L. Kane**  
                                              SENIOR U.S. DISTRICT JUDGE