IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-CV-01658-MSK-BNB

GASCO ENERGY, INC.,

    Plaintiff,

v.

ENVIRONMENTAL PROTECTION AGENCY,

    Defendant,

SOUTHERN UTAH WILDERNESS ALLIANCE,

    Intervenor-Defendant

---------------------------------------------------------------

UNITED STATES OF AMERICA,

    Counterclaim-Plaintiff,

SOUTHERN UTAH WILDERNESS ALLIANCE,

    Intervenor-Counterclaim-Plaintiff

v.

GASCO ENERGY, INC.,

    Counterclaim-Defendant.

**SUWA'S MOTION TO STAY BRIEFING ON GASCO'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MOTION TO MODIFY THE SCHEDULING ORDER**

**INTRODUCTION**

Southern Utah Wilderness Alliance ("SUWA") moves to stay briefing on Gasco Energy, Inc.'s ("Gasco") Motion for Partial Summary Judgment ("Gasco's Motion") and to modify the Scheduling Order to include a briefing schedule for Gasco's Administrative Procedure Act ("APA") claim.  Gasco's Motion (ECF No. 49); Scheduling Order (ECF No. 40).

1

Both the Tenth Circuit's decision in *Olenhouse* and Local AP Rule 16.1B expressly prohibit summary judgment on APA claims. *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1564 (10th Cir. 1994); D.C.COLO.LAPR 16.1B. However, Gasco's Motion is effectively a request for the Court to grant summary judgment on Gasco's APA claim. Therefore, Gasco's Motion is an improper vehicle for it to resolve its claim. Rather, the proper vehicle for resolving the APA claim is through a briefing schedule. Because of this, the Court should strike Gasco's Motion, and it should incorporate a briefing schedule for Gasco's APA claim into the Scheduling Order so that Gasco can have a proper means to resolve its APA claim.

This litigation presents a novel issue in that it is a "hybrid" case with both APA and non-APA claims. This hybrid litigation has caused confusion as to the parties' obligations to the Court concerning Gasco's APA claim. Understandably, Gasco seeks a means for resolving this claim. Judge Boland suggested that Gasco might file a summary judgment motion with this request, but neither the EPA nor Gasco raised the issue of whether *Olenhouse* and the local rules would allow summary judgment on the APA claims. Now that Gasco has filed its summary judgment, SUWA would ask the court to reconsider its earlier decision not to set a briefing schedule. Including a briefing schedule for the APA claims in the scheduling order would allow the parties to comply with *Olenhouse* and the local rules while also giving Gasco a means for resolving its APA claims. However, because the parties disagree as to the timing of a briefing schedule, we request the Court to decide.

Pursuant to D.C.COLO.LCivR 7.1A, SUWA conferred with Gasco's counsel on September 18, 2013, and was informed that Gasco opposes this motion.

In addition, SUWA is filing a separate motion asking the Court to expedite the briefing schedule on this motion, so that Gasco's time to respond is one week from the date this motion is filed. *See* D.C.COLO.LCivR 7.1C. Gasco does not oppose this expedited briefing schedule. SUWA and Gasco agreed to this expedited briefing schedule in hopes

that the Court will rule on this motion prior to the October 4, 2013 deadline to respond to Gasco's Motion.

## PROCEDURAL BACKGROUND

This litigation began with Gasco filing a complaint against the EPA that challenged the "validity of a Findings of Violation and Administrative Order for Compliance."  *See* Complaint for Review of Final Agency Action under the Administrative Procedure Act (ECF No. 1) ("Compliance Order").  The United States countered with two claims; the first alleges that Gasco violated the Clean Water Act, and the second alleges that Gasco violated the Compliance Order.  *See* Answer and Counterclaims (ECF No. 7).

The Court noted that this was a "hybrid" litigation with both APA and non-APA claims when it reassigned the case to the civil docket.  *See* Order Terminating AP Docket Designation and for Early Assignment to Merits Judge (ECF No. 15).   In that same order, the Court said Gasco's APA claim and the EPA's enforcement claims are "not obviously severable . . . , and it appears both should be decided at the same time."  *Id.*  Even after the cases were consolidated, the Court stated that the Local AP Rules still applied to Gasco's APA claim.  *Id.*

Then, during the scheduling conference, the Court told Gasco that it could not file its Opening Brief on the proposed date, but it suggested that Gasco might submit the brief as a motion for summary judgment.  At the time, neither Gasco nor the EPA raised the question of whether a summary judgment brief on the APA claims was allowed under the local rules and *Olenhouse*.[1]  Gasco has since submitted a motion for partial summary judgment, focused solely on resolving its APA claims, which has prompted this motion.

---

[1] Following the Scheduling Conference, counsel for SUWA raised the issue to Gasco's counsel of whether summary judgment on APA claims was allowed under local rules. However, because SUWA had not yet been granted intervention, it was not consulted on the preparation of a proposed scheduling order and could not raise this issue with the Court at the Scheduling conference.

**ARGUMENT**

**A. The Court Should Stay Briefing on Gasco's Motion For Partial Summary Judgment**

   *i. The Tenth Circuit's decision in Olenhouse and the Local Rules expressly prohibit summary judgment on APA claims*

Under the Tenth Circuit's decision in *Olenhouse*, summary judgment on APA claims is prohibited. *Olenhouse,* 42 F.3d at 1580 (10th Cir. 1994). The *Olenhouse* decision "delineates the standards to which the district court must conform" when deciding APA claims. *Id.* at 1564. Most importantly, the Tenth Circuit stated "motions for summary judgment are conceptually incompatible with the very nature and purpose of an appeal," and they are "explicitly prohibit[ed]." *Id.* at 1580. Similarly, D.C.COLO.LAPR 16.1B expressly states "[m]otions for summary judgment shall not be filed."

Therefore, summary judgment is prohibited on APA claims.

   *ii. Gasco's Motion for Partial Summary Judgment is an attempt to have the Court decide Gasco's APA claim*

Gasco's Motion is an attempt to have the Court rule on its APA claim. In its motion, Gasco claims to be asking for summary judgment on the EPA's second counterclaim, the claim that Gasco violated the Compliance Order. Gasco's Motion at 2. However, Gasco expressly confines its motion to the issue of whether EPA issued a valid compliance order. *Id.* at 3-4. Gasco's original complaint is nothing more than a challenge to the validity of the compliance order, and thus Gasco has requested summary judgment on the same issues raised by its complaint. Gasco acknowledges this fact when it asks the Court to decide its APA claim: "were the Court to agree that EPA's Compliance Order was invalid, that determination would also be dispositive of Gasco's petition for review of agency action under the Administrative Procedure Act." *Id.* at 2, fn. 1. Gasco also states that the standard of review of its motion is the APA and it specifically cites to *Olenhouse*. *See id.* at 4-5. In

addition, discovery is not required for Gasco's Motion, and review of this case would be confined to the Administrative Record.  Lastly, Gasco's Motion does not take the normal format of a motion for summary judgment; that is, Gasco's Motion does not contain any of the typical information, such as a statement of undisputed material facts.[2]  For all these reasons, Gasco's Motion is effectively a motion for summary judgment on its APA claim.

As the Court has already noted, local rules of this Court on appellate procedure "continue to govern Gasco's appeal of the EPA's Final Order," even after the Court consolidated the APA claim and non-APA claims.  *See* Order Terminating AP Docket (ECF No. 15).

However, Gasco proceeds to argue that previous case law supports that "the Court should exercise its discretion in the application of the local rules to waive D.C.COLO.LAPR 16.1B and enter judgment on Gasco's behalf on Gasco's Petition for agency review."  Gasco's Motion at 2, fn. 1.  Gasco specifically cites to *Hernandez v. George*, 793 F.2d 264 (10th Cir. 1986) to support this assertion.  *Id.*  However, in that case, the Tenth Circuit stated that it "recognized that local rules are binding in some circumstances" and that the court looks to whether the district judge "examined the policies underlying" the local rule in question.  *Hernandez*, 793 F.2d at 266.  Here, under the Tenth Circuit's decision in *Olenhouse,* the relevant local rules are binding.  In addition, the strong policies underlying the local rules include the reasoning that summary judgment is "inconsistent with the standards for judicial review of agency action under the APA."  *Olenhouse*, 42 F.3d at 1579-80.  Summary judgment on APA claims "invite[s] (even requires) the reviewing court to rely on evidence outside the administrative record," and therefore, is "explicitly prohibited."  *Id.*

---

[2] These irregularities would make responding to Gasco's Motion for Partial Summary Judgment problematic.   Normally SUWA would respond to Gasco's statement of undisputed facts and propose additional undisputed facts that would be material to the issues raised by the motion.  This type of issue underlies the Tenth Circuit's prohibition on summary judgment on APA claims.

For all the reasons stated above, Gasco's Motion is an improper vehicle for resolving an APA claim, and the Court would not be able to grant summary judgment on the motion under *Olenhouse* and the local rules. For these reasons, SUWA asks the Court to strike Gasco's Motion and not require any responsive briefing from the other parties.

**B. The Court Should Revise the Scheduling Order to Include a Briefing Schedule for Gasco's APA Claim**

Gasco's Motion shows that the mixed nature of this case has created some confusion concerning the parties' obligations to the Court. To clarify this confusion, SUWA asks the Court to set a briefing schedule for Gasco's APA claim and to incorporate that into the Scheduling Order. This will ensure that both the APA claims and the non-APA claims are handled appropriately and with judicial efficiency.

SUWA shares the EPA's disagreement with Gasco's position that the APA claim should be resolved now. *See* United States' Motion for Modification of Case Management Plan and For Setting a Scheduling Conference, (ECF No. 14); Plaintiff Gasco Energy, Inc.'s Response in Opposition to the United States' Motion to Modify the Case Management Plan and to Set a Scheduling Conference (ECF No. 17); United States' Reply in Support of Motion for Modification of Case Management Plan and for Setting a Scheduling Conference (ECF No. 22). SUWA was unable to explain its position on the matter because it had not been granted intervention at the time of the scheduling conference. Now that SUWA is a party to this litigation, SUWA asks the Court to set the dates of the briefing schedule after discovery has closed on the EPA's enforcement claims, as EPA previously proposed to the Court. *See* United States' Reply in Support of Motion for Modification of Case Management Plan and for Setting a Scheduling Conference (ECF No. 22).

Resolving Gasco's APA claim will not move the parties to a resolution of the overall issue of the case: whether the land in question is a jurisdictional wetland. *See* Gasco Energy, Inc.'s Response in Opposition to Southern Utah Wilderness Alliance's Motion to Intervene

(ECF No. 41). That sole issue will be decided by the enforcement claim. Whether the Compliance Order was properly issued is a secondary matter that distracts from the key dispute. Furthermore, resolution of Gasco's Motion for Partial Summary Judgment will not in any way reduce the scope of evidence to be presented at trial. Krieger Practice Standards – Civil Actions V.I.3.3.b.

Therefore, SUWA proposes the following dates for the briefing schedule:

**BRIEFING SCHEDULE**

    A. Petitioner's Opening Brief Due: Thursday, May 8, 2014.

    B. Respondents' Response Brief Due: Monday, June 9, 2014.

    C. Petitioner's Reply Brief Due: Monday, June 23, 2014.

## CONCLUSION

For the reasons set forth above, the Court should stay briefing on Gasco's Motion and modify the Scheduling Order to include a briefing schedule for Gasco's APA claim that occurs after the close of discovery on the EPA's enforcement claims.

If the Court denies this motion, SUWA asks that it be given thirty (30) days from the date the Court rules on this motion to respond to the lengthy arguments in Gasco's Motion.

Respectfully submitted this 19th day of September, 2013.

                                                                                                 /s/ Kevin J. Lynch

                                                                                                 Kevin J. Lynch
                                                                                                 Emily M. Murphy
                                                                                                 Sarah E. Bryant
                                                                                                 Environmental Law Clinic
                                                                                                 University of Denver
                                                                                                 Sturm College of Law
                                                                                                 2255 E. Evans Ave.
                                                                                                 Denver, CO 80208
                                                                                                 Telephone: (303) 871-6140
                                                                                                 Facsimile: (303) 871-6847
                                                                                                 klynch@law.du.edu

                                                                                                 Counsel for SUWA

7

**Certificate of Service**

The Undersigned herby certified that on the 19th day of September, 2013, a true and correct copy of the forgoing **SUWA'S MOTION TO STAY BRIEFING ON GASCO'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MOTION TO MODIFY THE SCHEDULING ORDER** was filed via the CM/ECF system, which will send notification of such filing to attorneys for Gasco Energy, Inc. and the United States.

L. Poe Leggette
Mark Barron
Fulbright & Jaworski LLP
1000 17th Street, Suite 1000
Denver, Colorado 80202
pleggette@fulbright.com
mbarron@fulbright.com


Alan D. Greenberg
Environmental Defense Section
U.S. Department of Justice
999 18th Street, Suite 370
Denver, Colorado 80202
alan.greenberg@usdoj.gov

/s/ Kevin J. Lynch
Kevin Lynch