IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-01658-MSK-BNB

GASCO ENERGY, INC.,

Plaintiff,

v.

ENVIRONMENTAL PROTECTION AGENCY,

Defendant.

---------------------------------------------------------

UNITED STATES OF AMERICA,

Counterclaim Plaintiff,

v.

GASCO ENERGY, INC.,

Counterclaim Defendant.

_____

**ORDER**
_____

This matter arises on the following:

(1)     **SUWA's Motion to Stay Briefing on Gasco's Motion for Partial Summary Judgment and Motion to Modify the Scheduling Order** [Doc. # 57, filed 9/19/2013] (the "Motion to Stay Briefing"); and

(2)     **SUWA's Unopposed Motion to Expedite Briefing on Related Motion** [Doc. # 58, filed 9/19/2013] (the "Motion to Expedite").

This is a hybrid action which combines Gasco's complaint for review of final agency action under the Administrative Procedures Act with counterclaims by the United States for enforcement of the requirements of the Clean Water Act. I granted the United States' Motion for Modification of Case Management Plan and for Setting a Scheduling Conference, held a scheduling conference, and entered a Scheduling Order [Doc. # 40]. The Scheduling Order established a schedule for discovery relevant to the United States' enforcement counterclaims and set a deadline of May 8, 2014, for the filing of dispositive motions. Id. at pp. 11-16. It did not establish a schedule for the briefing necessary for the determination of Gasco's request for review of the administrative action, however.

Subsequently, Gasco filed a Motion for Partial Summary Judgment [Doc. # 49, filed 8/8/2013]. The Motion for Partial Summary Judgment states:

> The relief Gasco requests in this motion for partial summary judgment is limited to dismissal of the United States' second counterclaim. Gasco nevertheless notes that, were the Court to agree that EPA's Compliance Order was invalid, that determination would also be dispositive of Gasco's petition for review of agency action under the Administrative Procedure Act. . . . Gasco has not included in this motion a request that the Court grant Gasco summary judgment on Gasco's affirmative APA claim because this Court's local rules prohibit motions for summary judgment on claims assigned to the Court's AP docket. . . . Should the Court determine that the Compliance Order is not valid agency action, however, the Court should exercise its discretion in the application of the local rules to waive D.C.COLO.LAPR 16.1B and enter judgment on Gasco's behalf on Gasco's petition for agency review.

Id. at p. 2 n.1. The United States essentially agreed with Gasco that a ruling in Gasco's favor on Gasco's motion for summary judgment on the second counterclaim would also be dispositive of Gasco's administrative review claim, noting that "Gasco presents a procedurally unusual

2

motion," Response [Doc. # 64] at p.3; "[i]n this case, Gasco challenges the validity of the Compliance Order as a separate element from whether Gasco violated the Clean Water Act," id. at pp. 3-4; and "because Gasco's arguments under the APA in support of its motion for [partial] summary judgment address the same issues raised in its own petition for review, this briefing should also be dispositive of Gasco's petition for review." Id. at p. 5.

In Olenhouse v. Commodity Credit Corp., 42 F.3d 1560 (10th Cir. 1994), the Tenth Circuit Court of Appeals ruled that "[w]hen acting as a court of appeal, it is improper for a district court to use methods and procedures designed for trial." Id. at 1564. The reason for the rule is simple:

> This process [of using trial procedures when acting as an appellate tribunal], at its core, is inconsistent with the standards for judicial review of agency action under the APA. The use of motions for summary judgment or so-called motions to affirm permits the issues on appeal to be defined by the appellee and invites (even requires) the reviewing court to rely on evidence outside the administrative record.

Id. at 1579-80. Consistent with the circuit court's holding in Olenhouse, the applicable local rule of practice prohibits the filing of motions for summary judgment on matters concerning the review of agency actions. See D.C.COLO.LAPR 16.1B.

The intervenor, SUWA, objects to Gasco's Motion for Partial Summary Judgment as "effectively a request for the Court to grant summary judgment on Gasco's APA claim." Motion to Stay Briefing [Doc. # 57] at p. 2. SUWA requests that I set a briefing schedule on Gasco's appeal of the administrative action, order that briefing to occur after the close of discovery on the United States' enforcement action, and stay the briefing on the Motion for Partial Summary Judgment to coincide with the briefing on appeal of the administrative action.

I agree on the necessity for a briefing schedule on Gasco's appeal of the administrative action, but I do not agree that those briefs must await the close of discovery. Nor do I agree that Gasco's motion for partial summary judgment, which is an appropriate challenge to the United States' second claim for relief, must await the close of discovery. Discovery is not required in connection with Gasco's Motion for Partial Summary Judgment, and to postpone consideration of that motion until the close of discovery could unnecessarily delay the resolution of the case, or a portion of it.

IT IS ORDERED:

(1)   The Motion to Stay Briefing [Doc. # 57] is GRANTED IN PART and DENIED IN PART as follows:

• GRANTED insofar as it seeks to modify the Scheduling Order to include a briefing schedule in connection with Gasco's complaint for review of final agency action under the Administrative Procedures Act. The following briefing schedule is established for that part of the case:

| | |
|---|---|
| Gasco's Opening Brief: | October 25, 2013 |
| Response Briefs: | November 18, 2013 |
| Gasco's Reply Brief: | December 2, 2013; |

• GRANTED to allow SUWA an extension of time, to and including November 8, 2013, within which to respond to Gasco's Motion for Partial Summary Judgment;

• DENIED insofar as it seeks to stay the briefing related to Gasco's Motion for Partial Summary Judgment; and

• DENIED in all other respects.

(2) The Motion to Expedite [Doc. # 58] is DENIED as moot, Gasco having already filed its response.

Dated October 18, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge